CHICAGO, M. & ST. P. RY. CO. v. HAUBER.

(Circuit Court of Appeals, Seventh Circuit. April 14, 1908.)

No. 1,421.

1. RAILROADS—INJURIES TO PERSON AT STATION—DEFECTIVE PLATFORM—EVIDENCE.

In an action against a railroad company for injuries to plaintiff by the collapse of a defective freight platform, evidence *held* to warrant a finding that the beams of the platform were rotten, and that a proper inspection would have disclosed such condition.

2. SAME—INVITATION TO USE.

Plaintiff's grandfather ordered a car from defendant railroad, in which to ship certain furniture, and the railroad company placed the car beside a defective platform, the use of which had been abandoned. Plaintiff's grandfather attempted to load the car from the side opposite the platform and directed plaintiff to remain at the car and watch the goods while being loaded. Plaintiff seated himself on the edge of the

platform near lumber piled thereon by defendant, and while so seated the platform collapsed, because of its defective condition, and plaintiff was injured. *Held*, that defendant, by placing the car at the platform, without giving any notice of its condition, invited the use of the platform, and plaintiff, as a helper of his grandfather, being entitled to the same right on the premises that the grandfather had, was neither a trespasser nor a mere licensee, but was a person to whom defendant owed the duty of exercising due care.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 41, Railroads, § 869.]

In Error to the Circuit Court of the United States for the Eastern Division of the Northern District of Illinois.

Defendant in error recovered judgment against the railway company on account of personal injuries. He was 11 years old when the accident occurred. A platform on the company's ground collapsed.

The assignments are that the court erred in refusing to take the case from the jury and in giving and declining to give certain instructions.

The part of the charge that was excepted to reads as follows:

"In other words, if the boy was rightfully upon the premises of defendant, and by the exercise of ordinary care such as boys of his age would exercise, in doing the work that he was doing there, wandered onto this platform and was sitting down, and if you further believe from the evidence that the defendant was negligent in respect to that platform, as I am about to define that term. and the platform fell, and he was injured, then, if the defendant was negligent as I shall define, the boy would have a right to recover for whatever injury he sustained as shown or proved by the evidence.

"The defendant's duty in this respect would be substantially this: There is no evidence here tending to show that it had actual knowledge of the defective condition of this platform. It should use the same supervision that an ordinary, prudent business man would use in his affairs of life to ascertain the condition of this platform. If it failed to use ordinary supervision and care to ascertain its condition, and if you believe from all the evidence in the case that the platform had been constructed for a number of years and had been standing so idle for a long time, and if you further believe from the evidence in the case that the defendant piled a lot of lumber upon it, and they failed to use ordinary care to ascertain its condition previous to making that kind of use of the platform, and if you further believe from the evidence that, if they had exercised the ordinary and usual care that men of ordinary prudence use about their own business, they would have ascertained that the platform was defective and rotten and liable to fall if they put a weight upon it, then, as I said, if they failed to use that sort of care, and the platform was in fact rotten and decayed, and if it would have been ascertained by the use of this care, then in such case the law holds that they were bound to know its condition, and if that state of the evidence is shown here, and the platform fell in consequence of being defective, and injured this boy, then he is entitled to recover for whatever injuries he sustained in consequence of the fall."

The court declined to give the following, which was tendered by defendant:

"I charge you that the evidence in this case conclusively establishes the following facts:

"First. That the spur track and the milk platform mentioned in evidence were wholly upon the private property of the defendant, Chicago, Milwaukee & St. Paul Railway Company.

"Second. That said milk platform had not been used for upwards of two (2) years prior to the time of the accident, for receiving or shipping freight therefrom, and that Joseph Hauber, grandfather of the plaintiff herein, lived immediately across the street from said spur track and milk platform and was thoroughly familiar therewith, and knew that said platform was not and had not been in use for the purpose of receiving or shipping freight therefrom for upwards of two (2) years prior to the time of the accident to the plaintiff.

"Third. That at the time said Joseph Hauber, grandfather of the plaintiff, procured a car to be set upon the spur track for the purpose of loading the same with furniture, he intended to and did load said car from the Austin avenue side thereof, and that he made no use of said platform in connection with loading said car.

"Fourth. That it appears that the accident to said plaintiff herein happened on the southerly side of refrigerator car standing upon the easterly part of said spur track, and not at the car which said Joseph Hauber was loading with furniture.

"I therefore charge you as a matter of law that neither Joseph Hauber, grandfather of said plaintiff, nor the plaintiff herein, had any right or license upon said platform at the time of the accident in question, and that the plaintiff herein was at most a mere licensee in the yard of the defendant company, and that as to said platform the defendant, Chicago, Milwaukee & St. Paul Railway Company, owed the plaintiff herein only the duty of refraining from wantonly or willfully injuring him.

"And I further charge you that there is no evidence whatever of any wanton or willful injury being inflicted by the defendant upon the plaintiff herein."

John A. Russell, for plaintiff in error.

J. P. Mahoney, for defendant in error.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

BAKER, Circuit Judge (after stating the facts as above). Though defendant's foreman, who directed the lumber to be piled on the platform, testified that he first examined the platform carefully and "found the timbers all sound and solid on the outside," and though the carpenter who removed the wreck declared that the timbers, while "rotten at the heart, like a shell," "appeared to be all right on the outside," the jury had the right to accept the testimony of plaintiff's witnesses that "the beams were rotten," "I passed the platform many times, it was pretty well gone up, the posts were pretty well gone up, the stringers were all rotten," and therefrom to conclude that the platform was liable to collapse at any moment and that a proper inspection could not have failed to discover the dangerous condition.

By its motion for a directed verdict, and also by its requested instruction, defendant insisted that plaintiff was a trespasser, or at most a bare licensee, and therefore that defendant owed him no duty except to refrain from injuring him wantonly. The platform, 10 feet wide and 40 feet long, was wholly on the private property of defendant. Its use for receiving or shipping freight had been discontinued for more than two years prior to the accident. This fact was known to plaintiff and his grandfather. Along the side away from the main tracks was a spur track, adjoining which was a public street, Austin avenue. Plaintiff's grandfather had engaged from defendant a car in which to ship his household goods. Defendant placed a box car on the spur track beside the platform and notified the grandfather that it was ready for his use. There is no evidence that defendant notified him, or that he otherwise knew, of the dangerous condition of the platform. He employed several men to help in moving his goods and loading them into the car. The doors on each side of the car were open. "The furniture was being loaded from the Austin avenue side of the car. Some they put out on the other side there to get a chance to get in the car." Plaintiff was directed by his grandfather

to keep watch over the goods while the men went back and forth. As the boy was seated on the edge of the platform near some lumber that had been piled thereon by defendant, the platform gave way. Under the foregoing circumstances (covered by the testimony which is most favorable to plaintiff, and which we must assume the jury accepted), plaintiff was not a trespasser nor a bare licensee. As a helper of his grandfather, he had the same right on defendant's premises that the grandfather had. And the latter, as a shipper, had the right to be on the defendant's premises and to do thereon whatever was necessary or proper in loading the car. And defendant, by placing the car beside the platform for the purpose of being loaded, without giving any notice of its condition, may justly be held to have invited the use of the platform. We find that the trial judge correctly apprehended the scope of the evidence and committed no error in overruling the motion for a directed verdict or in giving or refusing to give instructions.

The judgment is affirmed.